FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ OCT 23 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSCOE McCLENAN,

                Plaintiff,

      -against-

DI CANGIARELLA, CAPT. JAMES COAN, LT.
DANIEL DAVIN, SGT. DONALD MORGAN,
CHIEF ANTHONY IZZO, and INSPECTOR
DIRUSSO,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

12-CV-04909 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Roscoe McClenan filed this action pro se against six New York City Police Department ("NYPD") employees alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff's request to proceed in forma pauperis ("IFP") is DENIED without prejudice. The Complaint is DISMISSED without prejudice. Plaintiff is granted thirty days to comply with this Order as set forth below.

**I.    IFP STATUS**

      Upon finding a plaintiff indigent, a court may grant him IFP status and waive the required filing fee. See 28 U.S.C. § 1915. In his IFP request, Plaintiff states that he does not receive income from a job but does receive money from a "[p]ension, annuity, or life insurance [policy]." (IFP App. (Dkt. 2) at 1.) In order for the court to properly evaluate Plaintiff's request, however, he must state how much he receives from this source. Accordingly, his IFP request is DENIED without prejudice with leave to file an amended application that specifies this figure within thirty days of receipt of this Order.

## II. AMENDMENT TO THE COMPLAINT

Plaintiff has sued six members of the NYPD for violations of Title VII. (Compl. (Dkt. 1).) However, Title VII does not provide for individual liability against a plaintiff's former co-workers; the proper defendant is the plaintiff's former employer. See Spiegel v. Schulmann, 604 F. 3d 72, 79 (2d Cir. 2010). And since the NYPD is a non-suable agency of the City of New York ("City"), see Jenkins v. N.Y. City, 478 F.3d 76, 93 n.19 (2d Cir. 2007), the City is the proper defendant in this action. Plaintiff's Complaint is therefore DISMISSED without prejudice.

Within thirty days of receipt of this Order, Plaintiff is directed to file an amended complaint that names the City as the sole defendant. The amended complaint must bear the same docket number as this Order and be captioned "Amended Complaint."

Plaintiff is cautioned that an amended complaint will completely replace the original Complaint, and that if he does not file an amended complaint within thirty days, his case will be closed.

## III. CONCLUSION

Plaintiff's IFP request is DENIED without prejudice. He is granted thirty days from receipt of this Order to file an amended IFP application in accordance with this Order.

Plaintiff's Complaint is DISMISSED without prejudice. He is granted thirty days from receipt of this Order to file an amended complaint as described above. The Clerk of Court is directed to include an employment discrimination form complaint with this Order.

All other proceedings are STAYED for thirty days from Plaintiff's receipt of this Order or until Plaintiff complies as described above. In the event that Plaintiff does not file either an amended IFP application or an amended complaint within this period, the Clerk of Court is

directed to close the case.

    SO ORDERED.

Dated: Brooklyn, New York
       October 19, 2012

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge